Chief Justice Boyle
delivered the Opinion of the Court,
On the 18th of January, 1822, Jonathan Jenkins, by a deed of that dale, conveyed, together with all bis household and kitchen furniture, the tract of land on which he lived, containing 424 acres, except 50 acres including the improvements whereon his son David resided, to Ins daughter in law, Polly F. Jenkins and her daughter Lucy M. Jenkins, with a stipulation, that the conveyance was not to take effect during his life, or that of his wife.
The deed purports to be made in consideration of the love and affection he bore to his daughter in law and her child, and in consideration of her agreeing to remain in his family during iiis life, and to render such supcrintendance over his domestic affairs, as she might deem proper and necessary, and for the benefit of her company and society, and for the additional consideration of one dollar to him in hand paid.
To set aside, and cancel this deed, he filed his bill In chancery on the 22nd of July, 1822, making bis daughter in Ia\v, and- her child defendants.
The grounds, upon which he seeks to obtain a cancelmcnt of the deed, may he briefly stated to b.e 1st. his incapacity arising from his old age, and from the deep distress and distraction of his mind, occasioned by the recent death of his son, his youngest child and only one who jii ed with him; 2d. the artifice and fraud of some of the friends of the defendant, whereby availing themselves of his affliction and incapacity for business, they procured him to execute the deed; and 3(1. the failure of the defendant Polly, to remain with her child in his family and afford him the benefit of her services and the comfort of her society and that of her child.
In her answer, the defendant Polly, denies the incapacity of the complainant to make the deed, and the artifice and fraud charged upon her friends, at *328 procuring him to do so, and site avers that she wished to live with him and endeavored t6 make herself agreeable to him and his wife; but that soon after the execution of the deed, he manifested his discontent towards her, and his dissatisfaction with the deed of conveyance to her and her child; and she alleges, that it was with his coiisent and upon his recommendation, that she left his house and returned to her father’s to live.
pooreo of (ho olrmiit court for the canéoiincní ofthe deed.
Query — whether one who, in a state of mental incapacity, executes a deed, can after his recovery, have it canceled in equity—
—His heirs fcnay.
Determi tied tn the ¿vitalice that the grantor was compos mentis.
Allegations of frand in the procurement ■ if (ho deed, ■derided a■/iiimd. on the <*virlenec.
The circuit court on a final hearing of the cause, decreed the eancelment of the deed, and from that decree, the defendant’s have appealed to this court.
It- is quite clear, that the decree of the circuit court cannot be sustained upon the ground of the incapacity of the complainant. If at the time of the execution of the deed, he had been in such a state of utter alienation, or derangement of mind, as to render him incapable of disposing of his estate or binding himself by his contract, though his representatives after his death, might in that case, have availed themselves of his incapacity, to set aside the deed, yet it may well be doubted, whether he himself could do so. The case made out by the proof, does.not however, require us to decide that point.
The complainant was indeed old, and his mind, weakened by age, was no doubt much depressed by Urn affliction -occasioned by the recent death of his son, but the evidence does not justify the conclusion that there was such a derangement or destitution of his intellect, as to render him legally incapable of disposing of his estate, or of binding himself by his contract, and how' weak soever his mind may have been, if it did net amount to a legal incapacity, it cannot per se be a ground, for setting aside his deed.
Nor do we apprehend the decree can be sustained upon thegrouml of the artifice and fraud, with which be has charged the friends of the defendant, in procuring the deed.- Upon a mind disposed,to look with* jealousy upon the transaction, some suspicion ofthe truth ofthe charge, might be impressed from a perusal of the evidence; but it could be nothing more than a suspicion. It could not amount to a probability of even the lowest degree, and less than that certainly would not authorise a cancclir.cnt ef the deed on the ground of fraud.
An aged man, after the favoHto^son' wi'o^aVresi'led with him; hS'wnlow0 and her infant daughter, Ms furniture to take effect aftfenonoVe& affection, and -^ith Mm and his wife ditr“S his life; she^bandons them — held " *hat »ay ■ ^asidefof a failure of the fading conSl eratl0n‘
In such case slle having abandon- the ment, andallened teat it consent ^sL must prove the consent,
There is, however, firmer ground for the decree óf the circuit court to rest on, in the failure of (he tiefendant, Polly, io remain, with her child, in the family of the complainant, and afford liira ami his wife the benefit of her services and the comfort of her society and that of her child;
The fact, that she did nót remáin in the family of the complainant, but returned to her father’s to live shortly after the execution of the deed, is indispulahie. She does not, in her answer, pretend to deny it; but she alleges, that the complainant consented to it. His consent, if it were given, is an affirmative fact, capable of proof, and to avoid the effect of her failure to perform her part of the agreement in this respect, she ought to have proved it. But she has produced no satisfactory evidence of the fact. Gn theconirary, her fixed determination, not to live with the complainant, is evinced not only by her conduct, hut by her repeated declarations, for she does not appear to have ever made any serious attempt to do so; arid to different persons, and on different occasions, she has been heard to say, that she could not live contentbdly with him, and would not. The other coiisiderations mentioned in the deed, are mi doubt, in themselves, sufficient to support the conveyance* but her agreement to remain in his family, affording him the benefit of her service and the comfort of her society, and that of her child, was evidently a leading inducemént to the complainant, to- execute the deed, and it is inferable, that without the hope of a fulfilment of her agreement in this respect, and the consequent anticipation of being thus relieved from the attitude in which he would otherwise be left, arid of enjoying those feelings of affection generated by her connexion with his favorite son, .and rendered habitnal by her residence with liitri for some years, he would not have entered into the contract, or made the conveyance.
The decree must be affirmed with costs.
Crittenden for appellants; Robertson for appellee,